ALFRED HUMPHREYS *vs.* W. H. JACOBY, impleaded, etc.

July 15, 1889.

Attorney-at-Law—Gratuitous Professional Services.—Evidence *held* sufficient to sustain the conclusion that professional services rendered by two attorneys-at-law, who were partners, at the request of the defendants, in perfecting a corporate organization, in which one of the partners was to be a member and director, were intended to be gratuitous.

Appeal by plaintiff from an order of the municipal court of Minneapolis, refusing a new trial. The action was for recovery of $100 for professional services.

*Charles G. Van Wert,* for appellant.

*Lane & Johnson,* for respondent.

DICKINSON, J. This is an action to recover for professional services rendered by the plaintiff and his former partner, one Sheldon, in the capacity of attorneys-at-law, Sheldon having assigned to the plaintiff his interest in the alleged cause of action. The services rendered consisted of professional advice given to the defendants in regard to a proposed incorporation, and in the drawing and filing of articles of incorporation. The only question upon this appeal is whether the evidence justified a finding in favor of the defendants. The case shows that it was agreed that Sheldon was to be a member of the corporation, and one of its directors, and he did become such. It was also agreed that his services should be rendered in perfecting the incorporation. We are of the opinion that this fact justified the conclusion on the part of the court that it was not contemplated by the parties that a charge should be made for these services against the individuals engaged in the enterprise, Sheldon having the same interest as the defendants in the matter under consideration, and in the results to be accomplished. While Humphreys participated in the advice given and the services rendered, he does not claim to have acted independently of his partnership relation with Sheldon. It might fairly be considered, from the whole case, that his services as a partner of Sheldon were not intended to be rendered upon any different conditions than were those of Sheldon.

Order affirmed.