PETER HEDIN v. MINNEAPOLIS MEDICAL AND SURGICAL INSTITUTE and Another.[1]

Aug. 6, 1895.

Nos. 9387—(206).

### Action for Deceit—False Representation—Opinion.

False statements and representations, to warrant an action for deceit, must be, generally speaking, as to a material fact or facts, susceptible of knowledge; and, if they appear to be mere expressions of opinion upon matters of conjecture and uncertainty, they are not actionable. but there are many cases in which the false assertion of an opinion will amount to fraud.

[1] Reported in 64 N. W. 158.

Same.

Thus, where a party possesses special learning or knowledge on the subject with respect to which he expresses an opinion, a false statement and representation made to one who is ignorant upon the subject, where deception is designed and injury follows from reliance upon such an opinion, will support the action.

Verdict Sustained.

The evidence in this action was sufficient to support the verdict in plaintiff's favor.

Appeal by defendants from an order of the district court for Hennepin county, Hicks, J., denying their separate motions for a new trial. Affirmed.

*Chas. G. Laybourn,* for appellants.
. *W. A. Lancaster,* for respondent.

COLLINS, J. This is an action for deceit. Defendant institute is a corporation, while defendant Lawrence is its president, the physician and surgeon in charge, and the person with whom plaintiff dealt, and to whom he paid the sum of $500 for medical treatment, which sum he alleges was obtained by defendants through false and fraudulent representations to him that certain injuries from which he was then suffering were curable, and that at the institute they could and would cure him for that amount of money. No question has been made as to the sufficiency of the complaint. Plaintiff had a verdict for $500 and interest, and defendants severally appeal from an order refusing a new trial.

Thirty-seven errors have been specified in appellants' brief, nearly all relating to the rulings of the trial court when the evidence was being taken. We have examined these specifications of error with care, and, notwithstanding the elaborate argument and evident sincerity of defendants' counsel, we are compelled to say that very few are entitled to special reference. The real question in the case is as to the sufficiency of the evidence to support the verdict, and this depends mainly on an inquiry as to whether the statements and representations alleged to have been made, and said to have been relied upon, were actionable. According to the evidence, these were made by defendant Lawrence, and were to the effect that the plaintiff's injuries could be cured, and that he could and would be

made sound and well if he placed himself under treatment at the institute. Counsel for defendants contends that, at most, these statements were but expressions of opinion as to matters contingent and uncertain in their very nature, not susceptible of certain determination or of actual ascertainment; therefore no action as for deceit can be maintained upon them.

To sustain such an action, it must be shown that a false representation of a material fact has been made, in ignorance relied upon, and that damage has ensued. The representation must be fraudulently made, an intention to deceive being a necessary element or ingredient. But positive proof that a party knew his representation to be untrue is not essential. The intention may be proved by showing that, having no knowledge of the truth or falsity of his statements, he did not believe them to be true, or by showing that, having no knowledge of their truth or falsity, yet he represented them to be true of his own knowledge. When the knowingly false assertion is as to the belief of a party, or is as to his knowledge of the fact he assumes to announce, intent to deceive is the inevitable inference. If this defendant Lawrence (having no knowledge of the truth or falsity of his statements, and not believing them to be true) made statements and representations to plaintiff that his injuries were curable, and that with treatment he could become a well and sound man, or if he made such statements, having no knowledge of their truth or falsity, yet representing that they were true, the intent to deceive is as well established as if positive knowledge of their untruthfulness had been proven. Generally speaking, the representations must be as to a material fact, susceptible of knowledge; and, if they appear to be mere matters of opinion or conjecture, they are not actionable. There are many cases, however, in which even a false assertion of an opinion will amount to a fraud, the reason being that, under the circumstances, the other party has a right to rely upon what is stated or represented. Thus, the liability may arise where one has or assumes to have knowledge upon a subject of which the other is ignorant, and knowingly makes false statements, on which the other relies. Where parties possess special learning or knowledge on the subject with respect to which their opinions are given, such opinions are capable of approximating to the truth. And for a false statement

of them, when deception is designed and injury has followed from reliance on the opinions, an action will lie. ‘Gordon v. Butler, 105 U. S. 553; Robbins v. Barton, 50 Kan. 120, 31 Pac. 686; Eaton v. Winnie, 20 Mich. 156; Hicks v. Stevens, 121 Ill. 186, 11 N. E. 241; Cooley, Torts, 483.

Take the facts in the case at bar. The plaintiff, an illiterate man, badly injured in an accident, and physically a wreck, consulted with the physician and surgeon in charge of a medical and surgical institute or hospital as to his condition and the probability of a recovery. After an examination by the surgeons, he was positively assured, if he told the truth as to what was said (and the jury found that he did), that he could be cured, and by treatment at that institute could and would be made sound and well. Considering the circumstances, and the relations of the parties, there was something more in defendant's statements than the mere expression of his opinion upon a matter of conjecture and uncertainty. It amounted to a representation that plaintiff's physical condition was such as to insure a complete recovery. The doctor, especially trained in the art of healing, having superior learning and knowledge, assured plaintiff that he could be restored to health. That the plaintiff believed him is easily imagined; for a much stronger and more learned man would have readily believed the same thing. The doctor, with his skill and ability, should be able to approximate to the truth when giving his opinion as to what can be done with injuries of one year's standing, and he should always be able to speak with certainty before he undertakes to assert positively that a cure can be effected. If he cannot speak with certainty, let him express a doubt. If he speaks without any knowledge of the truth or falsity of a statement that he can cure, and does not believe the statement true, or if he has no knowledge of the truth or falsity of such a statement, but represents it as true of his own knowledge, it is to be inferred that he intended to deceive. The deception being designed in either case, and injury having followed from reliance upon the statements, an action for deceit will lie.

The evidence in this case was sufficient to warrant the jury in finding that plaintiff had sustained a fracture at the base of the skull, and that his injuries were incurable; that, after examination, defendant Lawrence stated and represented that the plaintiff could

and would be restored to health by treatment; and that he made such statements and representations for the purpose of inducing plaintiff to pay over the sum of $500 to himself, or to the institute, or both. There was evidence from which the jury could find that he made these statements and representations without knowing whether they were false or true, not believing they were true, and also that he made them without knowing their truth or falsity, but representing them to be true of his own knowledge. There was also evidence from which the jury could have found that the physicians and surgeons who made the examination at the institute (Lawrence and another) knew that plaintiff had sustained a basal fracture of the skull, and that he could not recover his health. The evidence was abundant in support of the verdict.

Counsel makes the point that, as to defendant Lawrence, the action should have been dismissed, because he, as the president of the defendant institute, was simply acting for it as its agent. We are not aware of any rule of law which will excuse and absolve a person from the consequences of his own wrong because he happened to be the agent of another at the time of the perpetration of the wrong. It is also urged that the action cannot be maintained, because of the written contract between the parties. There is nothing in this; for the action is not upon the contract, nor is it controlled by its terms and conditions. It is an action for fraud and deceit practiced upon the plaintiff, through and by means of which the contract was obtained.

Order affirmed.