EDWARD W. VILETT v. ARTHUR B. MOLER and Another.[1]

December 14, 1900.

Nos. 12,454—(121).

### Fraud—Learning Barber's Trade.

In an action to recover damages for certain alleged false and fraudulent representations made by the defendants to induce the plaintiff to sign a contract as to entering their barbers' college, and to part with his money on the faith of the representations, *held*:

### Measure of Damages.

1. That the rule of damages in an action for false representations and deceit is the natural and proximate loss thereby sustained by the plaintiff.

### Amount of Damages a Question of Fact.

2. That the amount of damages the plaintiff herein was entitled to, if he was entitled to recover, was a question of fact, and that the trial court erred in treating it as a question of law, and instructing the jury as to the items of damages, and the amount thereof that must be awarded to the plaintiff if the verdict was for him.

[1] Reported in 84 N. W. 452.

Evidence.

3. That the court did not err in receiving certain advertisements published by the defendants, and parol evidence of representations made before the execution of the contract, nor in submitting to the jury the question of the materiality of the representations.

Action in the municipal court of Minneapolis against defendant Arthur B. Moler, doing business as the Moler System of Barber and Hair Dressing Colleges, and another to recover $177.57 and interest for deceit. The case was tried before Kerr, J., and a jury, which rendered a verdict in favor of plaintiff for $82.46. From an order denying a motion for a new trial, defendants appealed. Reversed.

Plaintiff's exception to the instructions of the court, referred to in the opinion, was as follows:

"And we also except to that portion of the court's charge wherein the court defines the elements of damage, and states that if plaintiff was entitled to any it would be fifty dollars and interest and the money expended while attending college and interest, and that if the representations communicated, or any of them, to plaintiff before he came to Minneapolis were false and were relied upon, and so forth, that, in that event, he should recover the amount of his railroad fare, as being an improper statement of the law of damages, and as misleading and improper under the evidence offered in this case. Also to that portion of the court's charge wherein the court subsequently stated in his charge, if the plaintiff is entitled to anything he is entitled to the damages, and reiterated the items as above stated."

*A. H. Hall, C. J. Cahaley* and *Robert S. Kolliner*, for appellants.
' *W. W. Erwin* and *Feree & Mead*, for respondent.

START, C. J.

This action was brought to recover damages which the plaintiff claimed to have sustained by the alleged false and fraudulent representations of the defendants, whereby he was induced to become a student in a barbers' college owned by the defendant Arthur B. Moler, and operated by his co-defendant, in the city of Minneapolis, and to pay them the sum of $50 as tuition, and to incur and pay for board while attending the college the further sum of $28, and also the sum of $3.57 paid for railway fare. The plaintiff had a verdict

for these items of his damages and interest (in all, the sum of $82.46), and the defendants appealed from an order denying their motion for a new trial.

The evidence on the part of the plaintiff tended to show these facts:

The plaintiff was twenty-three years old when he commenced this suit. Had lived all his life in small towns. Had never worked at, and knew nothing of, the barber trade. Had a common-school education. Took care of a doctor's horse. Worked as cookee in the lumber woods, and as a bartender at Warner, Wisconsin, a town of about two hundred inhabitants. While at Warner he read certain advertisements published by authority of defendants in the Minneapolis Tribune of July 18 and July 23, 1899, which were as follows:

"HELP WANTED—MALE. Men to learn barber trade. $60 monthly guarantied after eight weeks' practice. Can place 500 graduates on palace trains, hospitals, or city shops at once. Call or write Moler Barber College, 202 Washington Av. S."

"HELP WANTED—MALE. Men. We guaranty $15 weekly after two months' practice at Moler's Barber College, 202 Washington Av. S. Catalogue free."

A correspondence followed between the parties, in which the defendants substantially reiterated the representations in this advertisement, and assured the plaintiff that they had an opening for more barbers at $50 per month than they were able to supply. The plaintiff then came to the college, and had a conversation with the defendant manager, who repeated the representations previously made, and also represented to him that it would take eight weeks to learn the barber's trade, and four weeks to learn the hair-dressing trade, or about ten weeks, taking them together, and that he would guaranty him a position at $15 a week when graduated. He relied on these representations, and, induced thereby, he executed with defendants a contract, of which Exhibit A, attached to the complaint, is a true copy, and paid to defendants the full tuition fee, $50, in advance, as required by the contract, and received from them the outfit of tools mentioned in the contract. Thereupon he commenced his college career, and worked and stud-

ied in the institution for some six weeks, during which time he received more or less instruction from a practical barber as to shaving and hair cutting, and was furnished opportunities for practical work in shaving and cutting hair. He then left of his own accord, and secured a place in a barber shop, where he remained for two weeks. He then returned to the college and went into the graduating or finishing room, which was in charge of a professor, where he remained for two weeks, when he was refused further instruction and turned out. He had not then learned the barber's trade, for the reason that it cannot be learned in eight weeks. On the contrary, it requires an apprenticeship of three years to learn it.

The evidence on the part of the defendants tended to show that they never made the representations claimed by the plaintiff; that by their method of instruction, whereby the student commences at once to learn and apply the principles of the craft, and is supplied with faces to shave and hair to cut under the guidance of a practical instructor, the trade can be learned in from eight to twelve weeks; that the plaintiff was not denied further instruction, and when he left the college it was of his own accord, to take a place in a shop. The trial court submitted to the jury the questions whether the representations were made, whether they were false, whether any of them were material and such as the plaintiff had a right to rely upon, and whether he did so, and was induced thereby to enter into the contract in question, and instructed the jury that, if they found for the plaintiff upon all of these questions, he was entitled to recover whatever damages he had suffered on account of the deceit practiced upon him. But the court, instead of submitting the question of damages to the jury under proper instructions, charged them, as a matter of law, in these words:

'The first he will be entitled to recover in that case will be the fifty dollars which he paid when he signed the contract, Exhibit A. In addition to that, he will be entitled to recover interest at six per cent. since the date of the demand of the money. He will also be entitled to recover the money which he has expended for his board while he was attending the college here, and interest on that at the rate of six per cent. since the date of the demand of the return of the fifty dollars. And in addition to that, gentlemen, if you find that the representations and statements contained in the communica-

tions made by the defendants to the plaintiff before he left Wisconsin—before he came here—were false and untrue in any important particular, and that plaintiff was entitled to rely thereon, and did honestly rely thereon, the plaintiff in such case will also be entitled to recover from the defendants the sum which he paid out for his car fare in coming from his home to this city, and interest on that amount from the date of its demand. So, if the plaintiff is entitled to anything here, he is entitled to fifty dollars, and the reasonable amount or value he paid out for his board, and interest thereon; also, his car fare, and interest on that."

The plaintiff claims that the exception to these instructions is not sufficient, because it was one in gross to several propositions, some of which were correct. The exception to the last instruction was single, and was sufficient. The exception to the balance of the charge, while it is not to be commended as a model, was nevertheless sufficient, for each separate proposition excepted to was erroneous.

Whether the plaintiff was entitled to recover the full sum paid for tuition or for board, or both, was a question of fact for the jury, and not one of law for the court. None of the representations made to the plaintiff before he left Wisconsin, in any event, would entitle him to recover his railway fare. The general rule for the assessment of damages in cases of this kind is well settled. It is this: Damages in an action for false representations and deceit are the natural and proximate loss sustained by the party by reason thereof. Reynolds v. Franklin, 44 Minn. 30, 46 N. W. 139. Whether or not the plaintiff's proximate loss in this case by reason of the alleged false representations was the total amount paid for his tuition and board depends upon the further question of fact whether he received any substantial benefit from the eight weeks' instruction in the college. There was a conflict in the evidence on this branch of the case. The plaintiff insists that there was not, because the defendants did not show in dollars what the value was of the instruction and opportunity for practical lessons in the barber's art received and enjoyed by the plaintiff. The burden was upon him to show his loss; that is, his damages. It was not necessarily a matter for opinion evidence, but it was a common-sense question of fact, for the jury to determine from a consideration of

all the facts in the case. The proximate loss of the plaintiff in the premises was clearly one for the jury, and the giving of the instructions complained of was reversible error, for which a new trial must be granted.

With reference to such trial, it is proper to add that it was not error for the trial court to receive in evidence the advertisements, correspondence between the parties, and the oral representations of the defendants, published, had, and made before the contract was signed. The gist of this action is not the breach of the contract, but the defendants' alleged fraud; hence the rule invoked by the defendants, that parol evidence is not competent to vary a written contract, has no application to this case.

Nor did the trial court err in submitting to the jury the question of the materiality of the alleged representations of the defendant that the barber's trade could be learned in eight weeks. It is true, as a general rule, that the expression of belief or opinion as to a particular matter, though false, cannot be made the basis of an action of deceit; but an opinion falsely expressed, with intent to defraud, may, in special cases, where there is a disparity of knowledge, and the parties do not stand on a basis of equality, be material and actionable. The rule and exceptions are fully and clearly stated in the case of Hedin v. Minneapolis M. & S. Inst., 62 Minn. 146, 64 N. W. 158. The evidence in this case justified the submission of the question as to the materiality of the representations to the jury.

Order reversed, and a new trial granted.