# THOMAS J. FLAHERTY v. JOHN TILL.[1]

October 18, 1912.

Nos. 17,753—(126).

**Action for deceit — complaint sufficient.**

> Where one deliberately makes a false representation of a material fact, or
> as of his own knowledge without knowing whether it is true or false, intend-
> ing that another shall act upon it, and he does so to his injury, an action for
> deceit lies. Rule applied, and *held*, that the complaint alleges facts sufficient
> to constitute such a cause of action.

Action in the district court for Ramsey county to recover $20,100
for personal injuries received through false representations. From
an order, Olin B. Lewis, J., overruling his demurrer to the com-
plaint, defendant John Till appealed. Affirmed.

*John W. Willis* and *Stephen A. Ryan,* for appellant.
*McDonald, Bernhagen & Patterson,* for respondent.

START, C. J.

This is an appeal from an order of the district court of the county
of Ramsey overruling the general demurrer of the defendant, Till, to
the complaint in an action for deceit. The complaint is not a model
pleading; but, omitting therefrom the verbose and immaterial alle-
gations, and construing it liberally, it alleges, in effect, the ultimate
facts following:

The plaintiff, on March 18, 1911, was suffering from irritation of
his stomach, and applied to the defendant for advice and treatment,
which he undertook to give. Thereupon the defendant, for the pur-
pose of deceiving the plaintiff, falsely and fraudulently made a pre-
tended diagnosis of his condition, and advised him that he was suffer-
ing from rheumatism of the stomach, and that the proper and neces-
sary treatment therefor was to cover a large portion of his body with
a plaster, which plaintiff is now advised consisted of olive, amber,

[1] Reported in 137 N. W. 815.

and kerosene oils. The defendant also represented as of his own knowledge to the plaintiff that such treatment would have no injurious effect upon his health, but that it would cure the ailments from which he was then suffering. The defendant at the time of making such representations knew each of them to be false, and made them for the purpose of deceiving the plaintiff and inducing him to submit to the treatment and thereby get his money. The plaintiff believed and relied upon the false representations, and submitted to the proposed treatment, which did not cure him, but, on the contrary, injured his health and severely blistered his body, causing poisonous sores and ulcers thereon, to his damage in the sum of $10,000.

It is to be noted that the gist of the alleged cause of action is not negligence or malice, as counsel for defendant assume in their brief, but fraud. Such being the case, it is unnecessary to refer to the objections made by the defendant to the complaint, which are based upon the assumption that negligence or malice is the gist of the action.

The question, then, is: Does the complaint state a cause of action for fraud? The rule applicable to the question is this: Where one deliberately makes a false representation of a material fact, or as of his own knowledge without knowing whether it is true or false, intending that another shall act upon it, and he does so to his injury, an action for deceit lies. 1 Dunnell, Minn. Digest, § 3818; 20 Cyc. 14; Hedin v. Minneapolis Medical & S. Institute, 62 Minn. 146, 64 N. W. 158, 35 L.R.A. 417, 54 Am. St. 628; Vilett v. Moler, 82 Minn. 12, 84 N. W. 452.

The defendant's counsel seek to distinguish the Hedin case on the ground that in that case money was obtained from the plaintiff by the fraud, while in this case the complaint does not allege that any money was obtained from the plaintiff by the alleged deceit. The injury to one's person by the fraud of another is quite as serious as an injury to his pocketbook, and the case cited, which clearly states and illustrates the rule, is here directly in point. Testing the allegations of the complaint by the rule stated, and construing them liberally, but without applause, we are of the opinion, and so hold, that they state facts sufficient to constitute a cause of action.

Order affirmed.