# H. E. FRYBERGER and Another v. SWAN ANDERSON and Others.[1]

June 6, 1913.

Nos. 18,192—(251).

**Distribution of trust property — evidence.**

In an action by the plaintiffs, trustees under a trust agreement, against the beneficiaries, to determine the proper distribution of certain money and lands, the subject of the trust, resulting from the settlement of certain litigation, the evidence is examined, and it is *held* that it supports the findings of the court and that the court adopted the proper basis of distribution.

Action in the district court for Hennepin county by H. E. Fryberger and A. P. Peterson, as trustees and also individually, against Swan Anderson, Isaac Ekberg, individually and also as trustee, and 16 other defendants. The facts are stated in the opinion. The amended complaint prayed that the proportionate interests of each of the parties entitled to participate in the distribution of the funds and lands should be determined by the court, or in any event the proportionate interest of plaintiff Fryberger therein should be determined; that he should be allowed an undivided one-half of the lands and of the funds, and in addition his attorney's fee for services since December 5, 1911; that defendant Ekberg be ordered to pay the expenses of the litigation in accordance with his agreement out of his share of the funds; and that the funds and lands should be ordered divided and apportioned in accordance with such determination. The separate answer of defendant Ekberg, individually and also as trustee, prayed an award to him of one-fourth of the moneys which came into the hands of plaintiff trustees and one-fourth of the real estate, and that additional persons should be made parties defendant thereto. The case was tried before Dickinson, J., who ordered plaintiff trustees to make immediate distribution of the cash among the various claimants in accordance with the findings of fact, and that the matter

[1] Reported in 142 N. W. 1.

122 M.—7.

of the partition of the land be reserved for further consideration. The motions of defendant Ekberg, individually and also as trustee for certain claimants for a new trial, were denied. From that order defendant Ekberg, individually and as trustee, appealed. Affirmed.

*Olof L. Bruce,* for appellant.

*H. E. Fryberger, A. B. Darelius* and *L. K. Eaton,* for respondents.

DIBELL, C.

In 1908 the defendant Ekberg began an action against Swan J. Turnblad, and others, on behalf of the Swedish-American Publishing Company, and in his own behalf, he claiming to be a stockholder of the company, for an accounting, and for other relief. The nature of the action may be ascertained by a reference to 114 Minn. 196, 130 N. W. 1029.

The plaintiff Fryberger was the attorney of Mr. Ekberg under an agreement, dated March 30, 1908, whereby he was to have one-third of the recovery, should there be one, otherwise nothing, and Mr. Ekberg was to pay the expenses. Mr. Fryberger claims that by a subsequent agreement, contemplating further litigation, his compensation was increased to one-half. Other persons, having or claiming to have stock in the publishing company, or having or claiming to have claims against Turnblad for deceit in his purchase of their stock, brought actions or asserted claims. Mr. Fryberger appeared for them and claims one-half of the recovery as his agreed compensation. On November 25, 1911, after three and one-half years of substantially continuous litigation of a difficult character, an agreement of settlement was made with Turnblad, who paid $20,000 and turned over 4,332 acres of land in Pine county. The plaintiffs took the money and the land under a formal trust agreement. No one objects to the settlement.

The plaintiffs bring this action to have determined the proper distribution. The court made findings of fact and conclusions of law determining how the distribution should be made. The defendant Ekberg, individually and as trustee, he holding certain claims for the benefit of others, appeals from the order denying his motion for a

new trial. The motion, so far as it is based upon misconduct, accident or surprise, is entirely without merit, and requires no discussion.

In appellant's brief seven claims are made and argued at length.

1. The first claim is that the fourth finding wherein the court finds that there was a substantial agreement between the parties as to the division of the money and property is not supported by the evidence. We think the evidence is ample. If the finding were without support, or were omitted, the result would not be different.

2. The second claim is that the court erred in finding that the contract between Mr. Fryberger and Mr. Ekberg, of March 30, 1908, was modified or changed so as to include further litigation and give additional contingent compensation. A finding to the contrary would be against the evidence.

3. The third claim is that the finding that Mr. Ekberg was not to have any portion of the compensation earned by Mr. Fryberger under his contracts with certain claimants who had, or claimed to have, causes of action against Turnblad for false representations in the purchase of their stock, is not justified by the evidence. The evidence justifies the finding.

4. The fourth claim is that the finding that A. P. Peterson belonged to the class of claimants having claims against Turnblad for deceit, for the recovery of which Mr. Fryberger was to have one-half, is not supported by the evidence. We think it is.

5. The fifth claim is that Mr. Fryberger should not be allowed one-half of the judgment of $2,000 for costs in the supreme court. Whatever might have been the merit of Mr. Ekberg's claim, as an original proposition, he has put himself in such a position by his practical construction of the contract, and by the statements which he made and the various papers which he signed and verified, that he cannot now complain of the finding of the court dividing the judgment.

6. The sixth claim is that Mr. Fryberger should pay all of the compensation of additional counsel whom it was thought advisable to employ. They were paid $2,000. The evidence justifies a finding that an equal division was contemplated. And in any event what is

said about the conduct of Mr. Ekberg relative to the judgment of $2,000 applies here.

7. The seventh claim is that the court erred in making the division of the trust property.

For purposes of distribution the Pine county lands were valued at $26,000. This made the total fund $46,000. Mr. Fryberger's claim was valued at $22,600. This was in accordance with the agreement which he had with Mr. Ekberg and various other parties. Mr. Ekberg's claim was valued at $12,975. A valuation of all the other claims was made. The total valuation equaled the total of the fund. Each claimant was given 43.5 per cent of his claim in cash and 56.5 per cent in land, these percentages representing substantially accurately the relative proportions of cash and land to the total valuation.

We have gone over a mass of detail covering a thousand pages of paper book and briefs. We are satisfied that the court reached a substantially correct conclusion. Mr. Ekberg has over and over expressed his satisfaction with the division. His complaint has been as to the allowance to those for whom he is trustee. It is apparent that there is no considerable dissatisfaction among the small claimants. No one has been wronged.

The controversy over the division of the trust fund is unfortunate and this appeal was ill-advised. It has been harassing to the respondents and necessarily expensive and profitless to Mr. Ekberg and the small claimants whom he represents. It is now five years since the litigation commenced. It is a year and a half since the fund was in the hands of the trustees for distribution. Mr. Ekberg has had a consideration of his claims by the trial court and now a review by this court. The rights of all are definitely settled. Now there should be a distribution.

Order affirmed.

HOLT, J., took no part.

On June 23, 1913, the following order was filed:

PER CURIAM.

There is $46,000 for distribution, $20,000 in cash and $26,000 in land.

Each claimant should have 20,000–46,000 of his claim in cash and 26,000–46,000 in land.

In their computations the parties have taken 43.5 per cent as representing the cash, and 56.5 per cent as representing the land, which are substantially the correct percentages, and we adopt them in making our computations.

Mr. Fryberger's total claim was allowed at $21,600. Mr. Ekberg's total claim was allowed at $13,975. Mr. Fryberger should have $9,396 in cash. Mr. Ekberg should have $6,079 in cash.

From Mr. Fryberger's $9,396 should be deducted $1,000, which is one-half of the additional counsel fees paid by the trustees, and which he should pay, and the further sum of $4,000 heretofore paid him, leaving $4,396. To this sum there should be added $1,000, which is one-half of the $2,000 supreme court judgment for costs, which was retained by Mr. Ekberg, and is not claimed to be a part of the fund for distribution, this sum of $1,000 being taken from Mr. Ekberg's cash, making a total of $5,396.

From Mr. Ekberg's $6,079 should be deducted $1,000, which is one-half of the additional counsel fees, paid by the trustees, and which he should pay, and $1,000, one-half of the $2,000 supreme court judgment received by him, which $1,000 is to be paid to Mr. Fryberger, leaving Mr. Ekberg's total cash $4,079.

The land should be divided upon the same plan though upon a different percentage basis. The claims of the other claimants should be adjusted on the same basis.

The rather uncertain amended findings, at page 550 of the supplemental paper book, and the seventh subdivision of the opinion, may have led to some confusion. We construe the findings and conclusions to bring the result we have stated. If so, they are correct.

The findings and conclusions support a judgment for distribution along the lines indicated, and we do not see that they support any other. Counsel may have a misunderstanding, but they are hardly in dispute.

The controversy should be ended. With the detailed explanation no reargument is necessary and it is denied.