# H. E. FRYBERGER and Another v. SWAN ANDERSON and Others.[1]

### May 1, 1914.

### Nos. 18,580—(120).

**Amendment of findings — case followed.**

1. Plaintiff's application to amend the findings of the trial court *held* properly refused. Decision in Fryberger v. Anderson, 122 Minn. 97, as to the rights of the parties to this action, followed.

**Allowance of attorney's fee to trustee.**

2. One of two trustees made application for an allowance for services as attorney for the trustees. The order denying the application is sustained. The trust agreement forbade the trustees to incur any expense in connection with the trust, except upon order of a judge of the district court or the consent of all the beneficiaries. No order of court was ever made, and under the evidence the court might fairly find that there was no express or implied assent of the beneficiaries. When an attorney is involved with others as a party to a law suit, and his interest in the litigation is large and in a measure antagonistic to that of the others, an agreement on their part to pay him for his services will not readily be implied.

**Interlocutory motion — findings of fact.**

3. Formal findings of fact are not required on an interlocutory motion for allowance of attorney's fees for trustees.

After the decision upon the former appeal, reported in 122 Minn. 97, 142 N. W. 1, plaintiffs moved separately both as trustees and as individuals to amend the findings as stated in the opinion. The motion was heard and denied by Dickinson, J. The motion of plaintiff Fryberger to be allowed the sum of $4,800 for legal services as attorney for the trustees, was heard and denied, Dickinson, Hale, Steele, Booth, Molyneux, Jelley and Leary, JJ. From that part of the judgment entered pursuant to the order for judgment relating to the participation of Isaac Ekberg in the distribution of funds and lands in the hands of the trustees, and from that part of the judgment

[1] Reported in 147 N. W. 107.

denying the application for the allowance of compensation to plaintiff Fryberger, either as trustee or as attorney, plaintiffs both individually and as trustees appealed. Affirmed.

*H. E. Fryberger* and *A. B. Darelius,* for appellants.

*Olof L. Bruce,* for respondent.

HALLAM, J.

Some years ago plaintiff Freyberger, an attorney at law, entered into contracts with the other parties to this action, or their assignors, to prosecute their claims against one Turnblad, for a percentage of the amount collected. After protracted litigation a settlement was arrived at by which Turnblad agreed to pay $20,000 and to turn over a large amount of land in discharge of the claims of all the parties. All concerned were willing to accept the settlement, but they differed as to the basis of division among themselves. The money and land were accordingly taken over and held by plaintiffs as trustees. The parties interested being still unable to agree, plaintiff Fryberger instituted this suit for the purpose of determining the proper basis of division. The case was tried and decided. Defendant Ekberg was dissatisfied and appealed from an order denying a new trial. The order was affirmed, 122 Minn. 97, 142 N. W. 1. After the case was remanded, plaintiff Fryberger made a motion to amend the findings, and a separate motion for an allowance to himself of fees as attorney for the trustees. Both motions were denied.

The motion to amend the findings related to the percentage which plaintiff Fryberger and defendant Ekberg should receive. Section 13 of the findings fixed in detail the value of the claims of all parties and the proportion of the fund to which each was entitled. Plaintiff contends that these detailed provisions of section 13 are not sufficiently favorable to him and that they are inconsistent with other sections of the findings and should be changed to correspond. These findings were reviewed on the former appeal taken by defendant Ekberg. Some discrepancies were found between the different sections of the findings and between the different portions of section 13 itself. This court construed the findings and sustained them, and decided specifically the amount of the claims of both plaintiff Fry-

berger and defendant Ekberg, and their proper percentage of the fund. The judgment from which this appeal is taken is in strict accord with that decision. The amendment asked for by plaintiff Fryberger is not in accord with that decision, but would, if permitted, give to Fryberger more, and to Ekberg less, than the decision allowed. We need not determine whether or not that decision is *res adjudicata* on this appeal. We believe it was right and we adhere to it. The amendment was, therefore, properly denied.

2. Plaintiff Fryberger applied to the court, on motion and order to show cause, for an allowance out of the trust fund of the sum of $4,800 for his legal services as attorney for the trustees. The application was opposed by his cotrustee and by some of the defendants. Seven judges of the district court, sitting *in banc,* heard the application and denied it.

The order must be sustained. It is clear that a court may, in a proper case, make an allowance to trustees for the expense of attorneys, and may direct the same to be paid out of the trust fund. Seibert v. Minneapolis & St. L. Ry. Co. 58 Minn. 58, 57 N. W. 1068; Olson v. State Bank, 72 Minn. 320, 75 N. W. 378; Davis v. Swedish-American Nat. Bank, 78 Minn. 408, 80 N. W. 953, 81 N. W. 210, 79 Am. St. 400. It is equally clear that the court might properly refuse to make any allowance under the evidence in this case. The trusteeship was an incident to the division in proper proportions among plaintiff Fryberger's clients of the lump sum he collected for them. A basis of division must be arrived at and the fund divided before they could any of them receive the fruit of his services. There is testimony that, when the trusteeship was proposed, Fryberger desired to act as trustee, and stated that his contracts did not end until every claimant received his proportion of the fund, and that if he himself acted as trustee there would be no expense or charge, because the work involved was work he was obliged under his contracts to do. The services rendered were principally in connection with this law suit. Fryberger owned substantially half the fund. Ekberg owned most of the balance. It was the failure of these two to agree on a basis of division that precipitated litigation. The trust agreement did not by any of its terms impose on the trustees any

active duty to litigate any controversies between claimants to the fund. It forbade the trustees to incur any expense in connection with the trust, except upon order of a judge of the district court of Hennepin county, or on consent of all the beneficiaries. No order of court was ever made. Under the evidence the court might fairly find that there was no express or implied agreement of the beneficiaries that plaintiff should receive any compensation beyond that stipulated in the contracts for the collection of the claims. Where an attorney is involved with others as a party to a law suit of this sort, and his personal interest in the litigation is large and in a measure antagonistic to that of the other parties, an agreement on their part to pay him for his services will not readily be implied. Humphreys v. Jacoby, 41 Minn. 226, 42 N. W. 1059.

3. Plaintiff Fryberger assigns as error the failure of the court to make formal findings of fact and conclusions of law, under G. S. 1913, § 7815. This was not necessary. Such formal findings are required only when an issue of fact is tried upon pleadings or issue joined, and are not required upon a hearing on an interlocutory motion. Minneapolis Trust Co. v. Menage, 86 Minn. 1, 90 N. W. 3.

Order affirmed.