CHARLES W. SMITH v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 15, 1918.

No. 20,704.

**Master and servant — promise to furnish guard.**

1. The evidence sustains a finding of the jury that the plaintiff remained in the employment of the defendant, appreciating the risk of working about an unguarded lubricating glass, in reliance upon a promise that it should be guarded, and under such circumstances as to transfer the risk.

**Compromise and settlement — rescission for misrepresentation of material fact.**

2. A contract of settlement of a cause of action procured by a misrep-

[1]Reported in 166 N. W. 350.

resentation of a material fact, though innocently made, may be rescinded by the one relying upon it, following Jacobson v. Chicago, M. & St. P. Ry. Co. 132 Minn. 181.

Action in the district court for Yellow Medicine county to recover $15,000 for injuries received while in the employ of defendant. The answer alleged that the risks of the work in which plaintiff was engaged were fully appreciated and assumed by him, and set up his contributory negligence and a settlement with defendant. The reply set up the facts concerning plaintiff's settlement with defendant. The case was tried before Daly, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $5,000, less $330 and interest from September 13, 1916. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.

*T. J. Mangan,* for respondent.

DIBELL, C.

Action for personal injuries. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or a new trial.

1. The plaintiff was employed in the defendant's roundhouse at Breckenridge. He was injured by the breaking or explosion of a lubricating glass. The evidence sustains a finding that the defendant was negligent in not having it guarded. The plaintiff appreciated the danger of working about it and assumed the risk unless such risk was transferred by a complaint and promise.

The injury occurred on May 31, 1916. Some two weeks before, upon the breaking of a glass, the plaintiff complained to his superior that someone was likely to get hurt. Some effort was then made to get a guard but it was resultless. Other conversations were subsequently had, and the plaintiff's superior interested himself in the procuring of proper guards. At the final conversation, the precise time of which is not shown, the plaintiff testifies that this occurred:

"I told him somebody was going to get hurt and that I was afraid of those glasses, they was so close to me, and that if they wasn't guarded I

was going to quit work at the end of the month. And he says, 'Well, they will be guarded,' he says, 'you go ahead and at the end of the month,' he says, 'they will be guarded; I will see to it.'"

His claim is that he continued at work in reliance upon the promise that the glass would be guarded. The contention of the defendant is that the plaintiff contemplated remaining until the end of the month, regardless of the condition of the lubricator, and that in no proper sense could it be found that he remained at work relying on a promise to guard. We think the question was one of fact for the jury. Viewing the evidence favorably to the plaintiff, as we must on this appeal, the defendant was putting forth active effort for some little while to get guards, and the plaintiff was pressing his complaints. The plaintiff did not undertake to remain to the end of the month. He did indicate that that was the limit of his stay unless a guard was provided. His intention of staying through the month is not at all conclusively evidenced. Indeed his statement is that he continued at work in reliance upon the promise. Nor does the language used by his superior necessarily mean that the guard was not to be furnished until the end of the month. On the contrary, the defendant was making a good-faith effort to get guards at once, and the assurance was that the "end of the month" was the limit of time of the continuance of the unguarded condition, and the request to the plaintiff was that he "go ahead" upon this assurance. It was for the jury to find whether the continuance of the plaintiff in his work was in reliance upon the promise. The general principles of law applicable to cases of promises to repair or remedy are well understood. Dunnell, Minn. Dig. and 1916 Supp. § 5983. The evidence was conflicting, the question was submitted to the jury in an accurate charge, and the finding of the jury is sustained.

2. The plaintiff settled with the defendant for his injury. He claims that the settlement was induced by the misrepresentation of a material fact.

The injury was to the plaintiff's eye. The settlement was substantially on the basis of compensation for lost time with two weeks added. The plaintiff's claim is that the company's physician told him in effect that his eye was substantially all right and at the end of two weeks would clear up; that this statement was repeated to him with some positive-

ness by the claim agent at the time of the settlement; that the statement was untrue, and that he relied upon it in making the settlement. To avoid the settlement it is not necessary to prove that the physician or claim agent entertained a wrongful intent to deceive or defraud. It may be conceded that the evidence would not sustain a finding to such effect either as to the physician or claim agent. It is enough that a misrepresentation of a material fact was made, upon which the plaintiff relied, and by which he was induced to make a settlement to his injury. If so made, though innocently, and so relied upon, the defendant must submit to a rescission of the contract of settlement. The question was recently considered by the Chief Justice in Jacobson v. Chicago, M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W. 251, L.R.A. 1916D, 144, and requires no further discussion now. That case is controlling upon the settlement feature of this case.

Order affirmed.