## MARTIN A. ENGER v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 22, 1918.

No. 20,924.

**Master and servant — negligence of master — verdict sustained.**

1. The evidence sustains a finding of the jury that the defendant negligently allowed the accumulation of steam in its roundhouse in which the plaintiff was working, and as a result of its negligence he fell into an engine pit and was injured.

**Same — assumption of risk.**

2. The evidence was not such as to require a finding that the plaintiff assumed the risk.

**Avoidance of release for innocent misrepresentation.**

3. A release of a cause of action procured by the misrepresentation of a material fact, though innocently made, affords a ground of avoidance, following Jacobson v. Chicago, M. & St. P. Ry. Co. 132 Minn. 181, and other cases.

Action in the district court for Lyon county to recover $20,000 for injuries received while in defendant's employ. The answer alleged that prior to the commencement of the action plaintiff released defendant from all claims arising out of the injuries received by him, and that plaintiff assumed the risks of the employment. The case was tried before Olsen, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $9,775. Defendant's motion for judgment notwithstanding the verdict was denied, and its motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $7,000. From the order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.

*Tom Davis* and *Ernest A. Michel,* for respondent.

[1] Reported in 169 N. W. 474.

DIBELL, J.

Action to recover for personal injuries. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or a new trial.

1. The plaintiff was employed by the defendant as a machinist in its roundhouse at Willmar. He was injured by falling into a concrete engine pit. These engine pits are a few feet deep and are between the rails of the tracks, and are made use of by the machinists in working underneath engines.

The plaintiff was working in the cab of an engine. The angle cock at the rear of the tender was open, and in the proper discharge of his duties he got down to close it. In trying to get to it he stepped or fell into the engine pit and was injured.

The roundhouse was, at the time, so much filled with steam by the "blowing off" of another engine that the plaintiff could see but imperfectly, though he carried a torch. He groped along with his hand on the side of the tender as he went to close the angle cock. There was evidence that a practical method was provided for carrying the steam out of the roundhouse. It is claimed that the defendant was negligent in allowing the steam to be discharged and to accumulate in the roundhouse to the extent stated. This was the ground of negligence submitted to the jury.

We reach the conclusion that the evidence made the question of the defendant's negligence for the jury.

2. The plaintiff had worked about the roundhouse for many years. Steam in greater or less quantities is in the roundhouse frequently, and, to some extent, necessarily. At times there was perhaps as great an accumulation as on the occasion of the injury to the plaintiff. His claim, however, is that this condition was very unusual. The evidence is such as to sustain a finding that he assumed the risk of this condition, but not such as to require such a finding.

3. Some time after his injury the plaintiff, for a consideration, executed a written release of his cause of action. He claims he was induced to do so by a material misrepresentation made by the defendant's physician as to the extent of his injury. Such a misrepresentation, though innocently made, gives a ground for avoiding the release. The

evidence sustains a finding that the extent of plaintiff's injuries was misrepresented to him at the time, and the case is within the holdings in Jacobson v. Chicago, M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W. 251, L.R.A. 1916D, 144, Ann. Cas. 1918A, 355, and Smith v. Great Northern Ry. Co. 139 Minn. 343, 166 N. W. 350.

Order affirmed.