## THEODOR KJERKERUD v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

March 11, 1921.

No. 22,115.

**Judgment non obstante.**

1. Judgment notwithstanding the verdict will not be granted where there is some substantial evidence in support of the verdict and it appears probable that additional evidence is in existence which might be produced were another trial had.

**Release — avoidance on ground of constructive fraud.**

2. The defendant set up a release of the cause of action, and plaintiff replied that it was obtained by fraudulent representation made to him by defendant's doctor that plaintiff's arm, injured through defendant's alleged negligence, would completely heal in a short time. Such representation, if made, might be found a constructive fraud upon plaintiff if the doctor knew, or, in the exercise of the skill of the ordinary physician, ought to have known, that the condition of the arm was such that complete recovery was improbable, the representation being made knowing that plaintiff was about to make a settlement.

Action in the district court for Otter Tail county to recover $5,300 general damages and $1,000 special damages for injuries received while alighting from defendant's speeder. The answer alleged that a settlement had been made between the parties on March 30, 1918, whereby plaintiff had been paid $200 and executed a release in full satisfaction of all claims against defendant. The case was tried before Parsons, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,000, less the $200 received. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*C. J. Gunderson* and *John E. Palmer,* for appellant.

*Leonard Eriksson,* for respondent.

[1] Reported in 181 N. W. 843.

HOLT, J.

Defendant's motion for a directed verdict and for judgment notwithstanding the verdict having been denied, it appeals from the judgment entered in favor of plaintiff.

The only question that can be presented is whether there is any substantial evidence in support of the verdict. Plaintiff was in defendant's employ as a section hand, and, in alighting from a gasolene speeder, was injured through the alleged negligence of defendant. It is not necessary to detail the circumstances attending the injury, for there is no contention that the questions of defendant's negligence and plaintiff's contributory negligence were not for the jury. The appeal is rested on the earnest insistence of counsel that there is no evidence which justifies the jury in setting aside the release pleaded as a defense, because obtained by the false and fraudulent representations alleged in the reply.

Plaintiff received his injury November 17, 1917. His left clavicle was fractured. He was treated by defendant's surgeon, Dr. Hoffman. The duration of the treatment is left in doubt or dispute. The doctor testified that, according to the record he brought to the trial, December 27, 1917, was the last time he saw plaintiff before the release was executed, but he also stated that he had not examined his records for the year 1918, and was not prepared to testify that he was not visited by plaintiff, as the latter asserted, about the first of March, 1918. Plaintiff testified that about the last named date he went to the doctor's office and complained of the condition of the arm; that the doctor told him to discard the sling in which he had thereto carried it and allow it to swing naturally by his side, assuring him that if that were done the arm would be all right in a short time; that plaintiff thereupon remarked that he better send for defendant's claim agent who had visited him a few days after the accident, and the doctor assented; that plaintiff then procured defendant's station agent to notify the claim agent; that the latter came up on March 14, 1918, and an agreement for a settlement was then signed, and 16 days later the voucher was received and the release in question executed. The doctor was not prepared to deny the testimony of plaintiff as to the call about March first and the assurance of a speedy complete recovery then given.

Plaintiff's cause of action was of uncertain merit, and one which it

was prudent for him to settle. Defendant did not importune him for a
settlement. The proposition came from plaintiff. There is not the
slightest foundation for imputing wilful misrepresentations either to the
doctor or the claim agent. And it must be admitted that a strong case
for avoiding the release was not made out. When the instrument was
executed, plaintiff well knew that Dr. Hoffman's assurance of complete
recovery in a short time had not materialized in the 30 days that had
elapsed since it was made. Defendant also asserts that the jury could
not find that plaintiff placed any reliance upon the doctor's statement,
for, when the agreement was signed, on the fourteenth, he told the claim
agent that defendant would hear from him if the arm did not get well.
And again it is said that this circumstance indicates that plaintiff recog-
nized the statements of both the doctor and claim agent as mere expres-
sions of opinion upon which fraud cannot be predicated.

Notwithstanding all this, we have to apply the well settled rule gov-
erning a motion for judgment notwithstanding the verdict, viz.: "It will
be granted only where it clearly appears that the cause of action sought to
be established does not in point of substance constitute a cause of recov-
ery, and will be denied in all cases where from the record it appears prob-
able that the party has a cause of action and that defects in the evidence
may be supplied on another trial." Daily v. St. Anthony Falls W. P.
Co. 129 Minn. 432, 152 N. W. 840.

The record suggests that were another trial had plaintiff could produce
evidence to more clearly show, than was done at this trial, that on or
about March 1, 1918, Dr. Hoffman knew, or in the exercise of ordinary
skill as a physician ought to have known, that plaintiff's arm was in such
condition that complete recovery could not be expected. If such were
the case it would be a constructive fraud upon plaintiff to make the state-
ment that plaintiff claims was made to him, for the doctor knew, accord-
ing to plaintiff's version, that information was sought in view of an antic-
ipated effort by him to settle with defendant. Consideration must also
be given to the fact that plaintiff was the doctor's patient, and naturally
confided in his skill and integrity. Dr. Hoffman was in defendant's em-
ploy and his representation in the matter was chargeable to defendant.
The record does show that fractures of the clavicle ordinarily heal in a
short time without leaving any permanent disability. In one place Dr.

Hoffman states: "It usually takes about a couple of weeks for a fracture like that to heal up."

If, after the lapse of three months, the pain still continued, and the motion of the arm was limited practically as it was at the trial, it would be a question for the jury whether or not a doctor of ordinary skill would be warranted in stating that the arm would again function properly. The medical experts testified that the cause of the impairment of the movements of the arm was injury to the bursae where the clavicle joins the shoulder. This produced bursitis. It is not likely that Dr. Hoffman was aware of this condition when he assured plaintiff that he would get well shortly so as to be able to work as before. It is immaterial what caused his ignorance. Plaintiff had a right to assume that the doctor knew the conditions as the same would have been known by the physician of ordinary skill. His assurance or representation to plaintiff may therefore be considered as embracing or embodying existing facts of which he knew or ought to have had knowledge, and the statement may be found a misrepresentation of facts or conditions within the rule of Hedin v. Minneapolis M. & S. Inst. 62 Minn. 146, 64 N. W. 158, 35 L.R.A. 417, 54 Am. St. 628; Jacobson v. C. M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W. 251, L.R.A. 1916D, 144, Ann. Cas. 1918A, 355; Smith v. Great Northern Ry. Co. 139 Minn. 343, 166 N. W. 350; Enger v. Great Northern Ry. Co. 141 Minn. 86, 169 N. W. 474.

It is contended that plaintiff did not rely on Dr. Hoffman's statement if made, and that this appears not only from his remark that defendant would hear from him if the arm did not get well, but also from the fact that he consulted another doctor before he made the settlement. The evidence is somewhat confused as to when he saw Dr. Sherping, but there is some foundation for the claim that the jury could find that this was after the settlement, even though Dr. Sherping was under the impression that it occurred within two months of the accident.

A majority of the court is of the opinion that evidence of fraudulent or false representations by defendant's doctor is not lacking and more might be had on another trial, hence under the rule in Daily v. St. Anthony Falls W. P. Co. supra, defendant is not entitled to judgment non obstante.

Judgment affirmed.