H. R. LOVE v. GRANT W. ANDERSON AND ANOTHER. NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS, GARNISHEE.[1]

November 13, 1953.

No. 36,122.

*H. R. Love, pro se,* for appellant.

*Philip D. Whitman, pro se,* and for respondent Anderson.

DELL, CHIEF JUSTICE.

This is an appeal from a judgment dismissing plaintiff's action.

In June 1951 Louis Blood instituted an action in the municipal court of Minneapolis against Charles D. Roberts and Lois M. Roberts upon a promissory note. A writ of attachment was issued out of that court and a levy made upon a Buick automobile owned by Charles D. Roberts. At that time Roberts was indebted to P. A. Aprea in the sum of $500 and to the Northwestern National Bank of Minneapolis in the sum of $1,307.75, both of which obligations were secured by chattel mortgages. Written demand was served upon Aprea and the bank for a statement of the amount remaining due on their respective mortgages. Each furnished a verified statement of the remainder due thereon as required by statute. Blood did not pay either Aprea or the bank and on June 16 the bank commenced replevin proceedings and obtained possession of the automobile. On August 10, 1951, it caused its chattel mortgage to be foreclosed.

On January 16, 1952, Blood obtained judgment in the municipal court action against Charles D. and Lois M. Roberts in the sum of $912.45. The judgment was thereupon docketed in the office of the clerk of the district court of Hennepin county. Thereafter Blood assigned the judgment to the plaintiff. In July 1952 plaintiff instituted this action against the defendants, the attorneys who handled the chattel mortgage transaction for the bank. The complaint attempts to allege a cause of action against the defendants for fraud and deceit arising out of their handling of the chattel mortgage proceedings.

The appeal presents three questions: Did the court err (1) in failing to pass on plaintiff's motion for summary judgment; (2) in failing to make findings in ordering the dismissal of the action; and (3) in granting defendants' motion to dismiss the action?

■ Under Rule 12.02 of the Rules of Civil Procedure defendants gave notice of motion to dismiss the action for failure of the complaint to state a claim upon which relief could be granted. The motion was noticed for hearing on September 11, 1952, at 9:30 a. m. The record and return to this court show that plaintiff appeared promptly at 9:30 a. m. and pressed the court for a ruling on the motion in the absence of the defendants. The motion to dismiss was thereupon denied. Plaintiff just as promptly left the court house. The defendants, being excusably delayed, appeared to argue the motion at 9:35 a. m. but were unsuccessful in locating the plaintiff, whereupon the court, upon the motion of the defendants, reinstated the motion to dismiss and set it for hearing on September 16. Plaintiff claims that the court erred in reinstating the motion. The Rules of Civil Procedure provide that they shall be so construed as to secure the just, speedy, and inexpensive determination of every action.[2] They reflect a well-considered policy to discourage technicalities and form. Courts construing similar federal rules have uniformly held that they should be liberally construed in the interests of justice.[3] Under the circumstances here it cannot be said that the court was without jurisdiction or that it abused its discretion in reinstating the motion to dismiss.

The return to this court shows that defendants made every effort to give notice to the plaintiff of the hearing set for September 16 but were unable to do so. He had no office and a registered letter

---

[2]Rule 1 of the Rules of Civil Procedure.

[3]Mitchell v. White Consolidated, Inc. (7 Cir.) 177 F. (2d) 500; Fakouri v. Cadais (5 Cir.) 147 F. (2d) 667, certiorari denied, 326 U. S. 742, 66 S. Ct. 54, 90 L. ed. 443; Fierstein v. Piper Aircraft Corp. (M.D. Pa.) 79 F. Supp. 217; Deane v. Michigan Processed Foods, Inc. (W.D. Mich.) 5 F. R. D. 508; Porter v. Theo J. Ely Mfg. Co. (W.D. Pa.) 5 F. R. D. 317; Anderson v. Brady (E.D. Ky.) 5 F. R. D. 85; Seligson v. Camp Westover, Inc. (S.D. N.Y.) 1 F. R. D. 733.

sent to the address appearing on the complaint could not be delivered. The only reasonable inference to be drawn from what transpired is that plaintiff was avoiding service. On September 16 the plaintiff did not appear and defendants' motion to dismiss the action was granted. Thereafter, upon plaintiff's motion the order of dismissal was revoked, the action was reinstated, and defendants' motion to dismiss the action was reset for hearing on November 28. Again plaintiff claims that he did not have proper notice of the hearing. However, he had actual notice of the hearing and he appeared and argued the motion. The motion to dismiss the action was again granted. What the court stated in Love v. Royall (8 Cir.) 179 F. (2d) 5, 7, wherein this same plaintiff was the plaintiff there, applies to this case and disposes of plaintiff's contention here:

"The contention of the plaintiff that he had insufficient notice of the motion to dismiss is without merit. He appeared and argued the motion, and shows no prejudice."

The granting of defendants' motion to dismiss the action ended the action. Thereafter the court was without jurisdiction to render any judgment either for or against the plaintiff other than to enter judgment of dismissal.[4] It was, therefore, neither necessary nor proper for the court to pass on plaintiff's motion for summary judgment.

■ Plaintiff contends that the court erred in failing to make findings in ordering dismissal of the action. The contention is without merit. Prior to the adoption of the Rules of Civil Procedure courts were not required to make findings in disposing of motions. Good practice was to the contrary.[5] The Rules of Civil Procedure have not changed the practice.[6] Nor are findings necessary in dis-

[4] 17 Am. Jur., Dismissal and Discontinuance, § 63; 27 C. J. S., Dismissal and Nonsuit, § 77; 6 Dunnell, Dig. (3 ed.) § 2750.

[5] Streissguth v. Chase Securities Corp. 198 Minn. 17, 268 N. W. 638, and cases cited; see, Minneapolis Trust Co. v. Birkholz, 172 Minn. 231, 215 N. W. 223; Fryberger v. Anderson, 125 Minn. 322, 325, 147 N. W. 107, 109.

[6] 2 Youngquist & Blacik, Minnesota Rules Practice, p. 648.

posing of motions under similar federal rules.[7] Defendants' motion to dismiss was predicated upon Rule 12.02(5) "failure [of the complaint] to state a claim upon which relief can be granted." By the express provisions of Rule 52.01 "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 * * *." Clearly no findings, in disposing of the motion, were necessary.

■ Plaintiff claims that the court erred in dismissing his action. This brings up the question of whether the complaint states a cause of action. He sues for treble damages under M. S. A. 481.07. That statute deals with penalties for deceit or collusion. It does not create a new cause of action. The common law gives the right of action and the statute the penalty.[8] To constitute actionable fraud, among other things, the party deceived must be induced to act in reliance upon the fraud to his pecuniary damage.[9]

The complaint is ambiguous, incoherent, contradictory, and largely unintelligible. It accuses the defendants, the bank, its assistant vice president, its assistant cashier, the municipal court officer, the sheriff of Hennepin county, the deputy sheriff, North Side Motors, Inc., and Charles D. Roberts of fraudulent conduct. We shall not burden ourselves with attempting to analyze the various allegations nor to set forth the respects in which the complaint is defective. To do so would certainly add nothing to the body of the law. The facts alleged bear no semblance to a cause of action. We need only point out that nowhere does it allege that the plaintiff was induced to act in reliance upon any fraud, nor is there

---

[7]Thomas v. Peyser, 73 App. D. C. 155, 118 F. (2d) 369; Schad v. Twentieth Century-Fox Film Corp. (3 Cir.) 136 F. (2d) 991; see, also, Commentary, 4 Fed. Rules Serv. 936.

[8]Smith v. Chaffee, 181 Minn. 322, 232 N. W. 515.

[9]Spiess v. Brandt, 230 Minn. 246, 41 N. W. (2d) 561, 27 A. L. R. (2d) 1; Gaetke v. Ebarr Co. Inc. 195 Minn. 393, 263 N. W. 448; Wann v. Northwestern Trust Co. 120 Minn. 493, 139 N. W. 1061; Meland v. Youngberg, 124 Minn. 446, 145 N. W. 167; Flaherty v. Till, 119 Minn. 191, 137 N. W. 815; Brown v. Manning, 3 Minn. 13 (35); 8 Dunnell, Dig. (3 ed.) § 3818.

any sufficient showing of pecuniary damage. The action was properly dismissed.

Plaintiff states in his affidavit that he is not a lawyer. He has, however, had much experience as attorney *pro se* in other courts.[10] That he is not a lawyer does not excuse him from following well-established rules and principles of law.

Judgment affirmed.

[10]Love v. Royall (8 Cir.) 179 F. (2d) 5; Love v. Chandler (8 Cir.) 124 F. (2d) 785; Love v. United States (8 Cir.) 108 F. (2d) 43, certiorari denied, 309 U. S. 673, 60 S. Ct. 716, 84 L. ed. 1018; United States v. Onan (8 Cir.) 190 F. (2d) 1 (Love and Roberts brought action in the name of the United States as informers); Love v. Mantz (8 Cir.) 72 F. (2d) 631; Love v. Nordbye, 296 U. S. 572, 56 S. Ct. 103, 80 L. ed. 404.