Argued at Pendleton November 2, affirmed December 27, 1921, rehearing denied January 24, 1922.

## KIRK *v.* FARMERS' UNION GRAIN AGENCY,

### A CORP., ET AL.

(202 Pac. 731.)

**Statutes—Words Given Ordinary Meaning.**

1. In construing penal statutes, the legislative intent in most instances is to be found by giving the words the meaning in which they are used in ordinary speech.

**Licenses—Blue Sky Law not Extended by Construction.**

2. Sections 6838, 6848, Or. L., *held* not to apply to purchase of stock of a farmer elevator company from the company by citizens of a community to induce it to construct an elevator at that place, where the trial court found that the stock was not sold for profit nor on commission, nor was the stock offered to the public, as the statute cannot be enlarged by construction, in view of Section 799, subdivisions 1, 34, and Section 2409.

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.

This is an action for damages, based upon charges of fraud and deceit and violation of the Blue Sky

---

2. Validity and construction of blue sky laws, see notes in **Ann. Cas.** 1916A, 706; **Ann. Cas.** 1917, 650; **L. R. A.** 1917F, 524.

Law.  The complaint alleges that defendant sold to Charles Kirk certificate numbered 420, representing 3,000 shares of the capital stock of the defendant corporation, for the sum of $3,000, paid by plaintiff to the defendant corporation.  It is asserted that the transaction involved the sale of void stock, in that the shares of stock so sold represented an overissue of the capital stock of the corporation.  The date of sale averred by the complaint is January 17, 1918. The plaintiff further alleges that on that date the defendant corporation was heavily indebted to its officers, the codefendants herein, and that the stock was fraudulently sold to pay such indebtedness; also, that the sale was made contrary to the provisions of the Blue Sky Law of the State of Oregon.

The defendants deny the allegations of the complaint.  However, they admit a sale of stock to plaintiff, but deny that such sale was made on January 17, 1918, or that the sale was of an overissue of stock, and allege that the sale was made on February 18, 1918, and that the stock so sold was of an increased issue of the capital stock of the corporation, certificate of which increased capital stock was issued by the corporation commissioner of Oregon on February 2, 1918.

The court made findings of fact and conclusions of law, and, based thereon, adjudged that plaintiff's complaint be dismissed, from which order this appeal is taken.          Affirmed.  Rehearing Denied.

For appellant there was a brief over the name of *Messrs. Richards & Richards,* with an oral argument by *Mr. O. R. Richards.*

For respondent there was a brief over the names of *Messrs. Carter & Smythe* and *Messrs. Raley, Raley*

& Steiwer, with oral arguments by *Mr. Charles H. Carter* and *Mr. J. H. Raley.*

BROWN, J.—This appeal presents the legal questions determined in the case of *Cannon* v. *Farmers' Union Grain Agency et al.*, decided this day. The complaints are identical, except in the number of the stock certificate, the number of shares purchased, and the amount paid therefor (see pp. 2 and 3, Abst.) It was stipulated and agreed by and between the plaintiff and defendant, through their respective attorneys:

"That all the exhibits and testimony, together with all objections made and exceptions allowed, given in the case of Roy Cannon, plaintiff, against the Farmers' Union Grain Agency et al., be, and the same hereby is, considered to be a part of the exhibits and testimony, together with all objections made and exceptions allowed, given in the case of Charles Kirk, plaintiff, against Farmers' Union Grain Agency, a corporation, et al., and that the same shall be considered by the court with the same effect as and for the exhibits and testimony, and that objections made and exceptions allowed given in the said cause, as though it was testified orally before said court in said cause."

The only additional testimony offered was that of Charles Kirk, plaintiff herein.

The findings of fact made by the court in this case were, with the exception of the amount involved, identical with the findings made in the case of Cannon against these defendants. In the instant case the evidence sustaining the defendants' cause is even stronger than that of defendants in the Cannon case. Plaintiff Kirk was a shareholder in the defendant corporation at the time of the meeting held for the purpose of increasing its capital stock.

Mr. Coppock testified:

."Mr. Kirk and I were really, you might say we started this agitation for an elevator and we were together I guess more than any two men that worked at it at all, and talked about the things, and I know we were both in favor of the Farmers' Union Grain Agency and when the matter came up for discussion at the meeting we both talked for it."

Mr. Kirk testified that he purchased an additional 300 shares of capital stock on the seventeenth day of January, 1918. The record shows that he attended at the special meeting called for January 31, 1918, at the time a resolution was offered and unanimously adopted by the shareholders for the increase of the capital stock of defendant corporation from $50,000 to $200,000, and that he voted his 4 shares of stock at that meeting. At all meetings subsequent to February 18, 1918, Mr. Kirk voted 304 shares of stock. The circumstances show that he knew his rights as a shareholder and that he voted the shares of stock he was entitled to vote. He acquired the 300 additional shares of the increased stock of defendant corporation on the eighteenth day of February, 1918, and not before.

We will add a word relating to the Blue Sky Law. The court found that the sale of stock made to Kirk was not made for profit nor on commission, nor was the stock offered to the public. The Blue Sky Law is a criminal statute. Section 6848, Or. L., provides that:

"Any dealer who shall violate any of the provisions of this act (Blue Sky Law) shall be deemed guilty of a crime and upon conviction thereof shall be fined for each offense not more than $5,000 or by imprisonment in the state penitentiary for not more than five years, or by both such fine and imprisonment at the discretion of the court."

1. In construing penal statutes, the legislative intent is in most cases to be found by giving to the words the meaning in which they are used in ordinary speech: *Sarlls* v. *United States,* 152 U. S. 574 (38 L. Ed. 557, 14 Sup. Ct. Rep. 720).

2. It is not even claimed that the securities were sold at a profit or on commission, and the court found as a fact that certificate of stock numbered 420 was not offered to the public. This finding is based upon evidence that is competent, and cannot be set aside by this court, regardless of any adverse opinion as to the preponderance of proof in the premises.

This statute cannot be enlarged by construction. All provisions of a penal statute are to be construed according to the fair import of their terms: Section 2409, Or. L. A criminal statute is not extended by implication. In order to brand the defendants as felons, it would be necessary to extend the meaning of the Blue Sky Law by construction. This we cannot do.

"There can be no constructive offenses," said Mr. Chief Justice FULLER, "and before a man can be punished his case must be plainly and unmistakably within the statute." *United States* v. *Lacher,* 134 U. S. 624 (33 L. Ed. 1080, 10 Sup. Ct. Rep. 624).

The language of the Blue Sky Law defining the term "dealer" is plain and will be construed as it reads and its words given their full meaning. The Blue Sky Law is penal in character, and, like other legislative acts, is to receive a reasonable construction with a view to effect the legislative intent.

If the corporation was a dealer within the meaning of the Blue Sky Law when selling the stock referred to, the defendants offended against a criminal statute. If they sold stock or other securities to Kirk at a profit or on commission, or if they offered the secu-

rities sold to Kirk to the public without a dealer's permit, each is guilty of a crime. As it cannot be imprisoned the corporation, upon conviction, is liable to a fine only, but its directors and secretary so offending are liable to both fine and imprisonment. The lower court has said by its findings, which possess the character of a verdict in a trial by jury, that the defendants have not violated the provisions of the Blue Sky Law. The presumption is that defendants are innocent of crime or wrong: Section 799, subd. 1, Or. L. It is likewise a presumption of evidence that the law has been obeyed: Section 799, subd. 34, Or. L.

By reason of the foregoing, and for the further reasons assigned in the case of Cannon against Farmers' Union Grain Agency, this case is affirmed.

AFFIRMED. REHEARING DENIED.