BURNS v. MISURA.

1. DEEDS—INTOXICATION—INCOMPETENCY—EVIDENCE—SUFFICIENCY.
    In a suit to set aside a conveyance of a farm and certain personal property in exchange for an equity in a parcel of real estate, the finding of the court below that plaintiff was so intoxicated at the time that he had no proper understanding of what he was doing, *held*, justified by the record.

2. SAME—CANCELLATION OF INSTRUMENTS—INTOXICATION—TEST.
    In determining whether said conveyance should be set aside on the ground of plaintiff's intoxication, the test is whether, at the time plaintiff executed the conveyance, his understanding was clouded, or his reason dethroned, by actual intoxication.

3. EXCHANGE OF PROPERTY — TENDER — CANCELLATION OF INSTRUMENTS—RIGHT TO RELIEF.
    Where plaintiff in a suit to set aside a conveyance on the ground of his intoxication at the time he executed it, offered to place defendants *in statu quo*, and defendants refused to look at the papers tendered them, the mere fact that a written assignment of a land contract received by him was not tendered them would not preclude his right to relief.

On relief in equity from deed on grounds of intoxication, see note in 6 A. L. R. 331.

Appeal from St. Clair; Tappan (Harvey), J. Submitted June 18, 1924. (Docket No. 105.) Decided July 24, 1924.

Bill by Michael Burns against Peter Misura and others to set aside an exchange of real and personal property on the ground of fraud. From a decree for plaintiff, defendants appeal. Affirmed.

*Walsh & Walsh* (*Clifford O'Sullivan*, of counsel), for plaintiff.

*Harry J. Lippman* (*Ralph W. Liddy* and *Ernest W. Verwiebe*, of counsel), for defendants.

SHARPE, J. The defendants appeal from a decree setting aside certain conveyances by which plaintiff conveyed a farm in the county of St. Clair and certain personal property to defendant Misura in exchange for his equity in a parcel of real estate in Detroit. The trial court found that plaintiff executed the conveyances when so intoxicated that he did not realize what he was doing and that his intoxication was procured, at least in part, by the defendant Misura.

The undisputed facts may be thus stated. In June, 1921, plaintiff listed his 80-acre farm with one John K. Denton for sale at the price of $8,500. On October 17th, Denton, a real estate broker named Olyczynski, and Misura came to the home of plaintiff's brother, where he then was. Plaintiff went with them to his farm, and the four then drove to Misura's property in Detroit, arriving there after dark. They then went to the office of Mrs. Gaston, a notary public in Hamtramck. She prepared the conveyances in question. While they are dated the 17th and on their face appear to have been executed and acknowledged on that day, the parties seem to agree that they were not in fact signed until the following morning. Plain-

tiff spent the night of the 17th with Misura. A few days later he visited the Detroit property, concluded that he had been defrauded, and sought to have the deal rescinded. Failing in this, he filed his bill of complaint herein on the 31st.

It is the claim of plaintiff's counsel that he had been much intoxicated on October 16th and that after the noon hour on the 17th he tumbled out of a chair in his brother's house and was put to bed, "hopelessly drunk." That he was roused out of a drunken stupor by Denton and told that he must go to Detroit to secure a deal for his farm for $14,500; that more drink was furnished him in Detroit that evening, and the next morning, and that he was in such a "helplessly intoxicated condition" when he signed the papers that he had no understanding of the nature of the deal he was entering into.

While defendant Denton testifies that plaintiff was in bed when they went to his brother's home, the other defendants testify that he was then walking about in the yard. It is defendants' claim that plaintiff was sober at the time the properties were visited and the papers prepared and executed. We are impressed that he was not. The trial court, after seeing the witnesses and hearing them testify, concluded that his condition then was such that he had no proper understanding of what he was doing. The conclusion reached by him is so much more likely to be in accord with the truth than that formed by us from reading the printed record that we are unwilling to reverse it.

We are in accord with the rule of law stated by defendants' counsel that the test is whether, at the time plaintiff executed the conveyances, "his understanding was clouded, or his reason dethroned, by actual intoxication." *Wright* v. *Fisher*, 65 Mich. 275 (8 Am. St. Rep. 886); *Somers* v. *Ferris*, 182 Mich. 392. The decision in *Scanlon* v. *Connor*, 168 Mich.

133, will be found instructive. See, also, note to 6 A. L. R. 331.

Defendants insist that plaintiff, having failed to tender to Misura a written assignment of the land contract transferred to him, is precluded from recovery. It does appear that plaintiff, acting under the advice of an attorney, made an effort to tender to Misura the land contract and certain money and other papers he had received in the deal and that Misura would not accept them or talk to him about it. In his bill of complaint, filed a few days later, plaintiff expressed a willingness to place the defendant Misura *in statu quo* and has apparently been ready and willing to do so at all times since then. The mere fact that when the tender was made to Misura a written assignment of the contract had not been made should not preclude plaintiff's recovery in a court of equity when the tender was refused without looking at the papers. *Cox* v. *Holkeboer*, 200 Mich. 86; *Stevens* v. *Wakeman*, 213 Mich. 559. It is apparent that

"a timely, perfect tender in every respect would have been unavailing. It would have been rejected and the attitude of defendant so shows." *Rhines* v. *Skinner Packing Co.*, 108 Neb. 105 (187 N. W. 874, 876).

*Waller* v. *Lieberman*, 214 Mich. 428, and kindred cases are clearly distinguishable.

The decree is affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.