[No. 3303.   Jan. 22, 1930.]

[Rehearing Denied April 17, 1930.]

MARNEY v. HOME ROYALTY ASS'N. OF OKLAHOMA.

[286 Pac. 979.]

Easterwood & Thompson, of Clayton, and E. R. Wright, of Santa Fe, for appellant.

T. A. Whelan, of Lovington, for appellee.

OPINION OF THE COURT

WATSON, J.

Appellee executed to the trustees of the Home Royalty Association of Oklahoma, a common-law trust, a conveyance of an undivided one-half interest in all the oil and other minerals in and under 820 acres of land, with the right to explore for, mine, and operate the same for twenty-one years, and as much longer as production should continue. As the consideration therefor he received from the trustees a contract amounting to a certificate of participation in the assets and profits of the trust estate. This contract provided that, for the purpose only of determining appellee's proportionate interest in such assets and profits, the value of the mineral rights so conveyed was fixed at $820.

The suit is to cancel the mineral conveyance. Among the grounds set up, and the only ground necessary here to notice, is that this certificate of participation was a "speculative security" within the meaning of the Blue Sky Law, Chapter 44, Laws 1921, and sold to appellee in violation of that act, since the association had not taken any of the steps required for obtaining a permit, and had not obtained one.

Appellants here object that the record discloses neither that the certificate of participation was a "speculative se-

curity," nor that they had failed to take the necessary steps to obtain or failed to obtain a permit. The cause was not tried upon the merits and there are no findings. The judgment follows an order sustaining a demurrer to the answer. It is from the pleadings, therefore, that we must determine these disputed facts.

The complaint set forth the speculative character of the security in the language employed in defining the term in each of subsections 1, 3, 4, 5, and 7 of section 1 of the act. It also alleged a failure to take each of the several steps requisite to obtaining a permit as they are specified in section 2 of the act, as well as a failure to obtain the permit. These specific allegations were not denied. Appellants contented themselves with answering them thus:

"* * * Denies that said contract and mineral conveyance, together with the declaration of trust, * * * are in violation of the Blue Sky Law of the State of New Mexico; * * * denies that it has failed to comply with the provision of chapter 44 of the Session Laws of New Mexico of 1921 before it should be authorized to carry on any business in the State of New Mexico, and further alleges that if this defendant has failed to comply with all of the provisions of the said law above referred to that the failure to so comply with such provision does not make the contract and mineral conveyance, executed and delivered by the plaintiff to this defendant void or voidable, and that said plaintiff is not entitled to rescind said contract and mineral conveyance on account of such matters and facts alleged in said paragraph * * * of plaintiff's complaint."

The trial court properly concluded, and rendered judgment on the theory, that the certificate of participation was a speculative security, and that appellants had no permit to sell it.

The only remaining question is whether the transaction was a sale within the meaning of the statute. Appellants contend that it was not, because appellees, by the mineral conveyance, did not part with general and absolute title. But this is not the sale in which we are interested. It is the sale of the certificate of participation that is in question.

Appellants further contend that the transaction was a mere exchange or barter, not prohibited by the statutory word "sell." In many situations it is undoubtedly proper and necessary to distinguish between sales and ex-

changes. In many others, proper construction assigns to the term the broader meaning of a transfer of the property in goods for a consideration. Both counsel cite many cases illustrating this. In construing this statute there seems to be no reason for so distinguishing unless upon the principle that a penal statute is to be strictly construed. Of this there can be no doubt. We cannot extend its application to take in persons or acts which the Legislature has not included. Gutterson v. Pearson, 152 Minn. 482, 189 N. W. 458, 24 A. L. R. 519. Yet it is to be reasonably construed with a view to effect the legislative intent. Kirk v. Farmers' Union Grain Agency, 103 Or. 43, 202 P. 731. We are satisfied that the strict construction, to which we are enjoined in the case of a penal statute, does not require that we close our eyes to a reasonable and ordinary meaning of the word "sell" and plant ourselves upon the narrowest meaning which it will bear; especially where such interpretation would in many cases defeat the salutary objects of the legislation and open the door to evasion. Ex parte De Vore, 18 N. M. 246, 136 P. 47. While the word "sell" seems to be employed throughout in the body of the act, the title informs us of the purpose to prevent fraud in the "sale or disposition" of securities. Every reason for prohibiting a sale of speculative securities exists for prohibiting a disposition of them by way of exchange. The narrow interpretation contended for, cannot, in our judgment, have been the intention of the Legislature.

While we have not found the exact point decided under any of the Blue Sky Statutes, we have found no rulings to conflict with our present conclusion, and some which lend it more or less support. Thus, terming the transaction a subscription agreement is not conclusive of its character if in reality it is a purchase and sale. Guaranty Mortgage Co. v. Wilcox, 62 Utah, 184, 218 P. 133, 30 A. L. R. 1324. "Sale" includes agreement to sell. Rhines v. Skinner Packing Co., 108 Neb. 105, 187 N. W. 874. An agreement to underwrite, and payment of the price, is a purchase and sale, though the stock was not to be issued or delivered to the purchaser. People v. Hartman, 228 Mich. 171, 199 N. W. 657. The transfer of corporate

stock in extinguishment of an existing indebtedness is deemed a sale. People v. Revesz, 229 Ill. App. 616.

We see no reason to disturb the judgment. It will be affirmed, and the cause remanded. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.

### ON MOTION FOR REHEARING

WATSON, J.

Four propositions are urged in the motion. They really reduce themselves, in argument, to two. First, that the ruling that the certificate of participation was a speculative security was not conclusive of the case, and did not warrant judgment canceling it and the mineral conveyance given in exchange for it. Second, that the transaction was consummated in Oklahoma, and that a New Mexico blue sky license was, therefore, not required.

These contentions were not made below nor in the original presentation here. They cannot now be considered without departure from our uniform practice. The motion must be denied.

BICKLEY, C. J., and PARKER, J., concur.