WARD *v.* HARRIS.

1. LICENSES—BLUE SKY LAW—SERVICE OF PROCESS—NONRESIDENT DEALERS.

Appointment of chairman of the securities commission as agent for service of process on nonresident dealer in securities covers actions arising out of transactions within this State only and does not make appointee service agent in matters arising wholly in a foreign State (2 Comp. Laws 1929, § 9787).

2. SAME—REVOCABILITY OF APPOINTMENT OF AGENT FOR SERVICE OF PROCESS—BLUE SKY LAW—SCOPE OF ACT.

Matter of modification of an irrevocable appointment of chairman of securities commission as agent for service of process on nonresident dealer in securities by amendment of the blue sky law *held*, of no consequence on appeal from order quashing

service of process in action arising from out of State trans-
actions since act together with amendment applies only to
transactions within this State (Act No. 220, § 19, Pub. Acts
1923, as amended by Act No. 136, Pub. Acts 1929 [2 Comp.
Laws 1929, § 9787]).

3. APPEAL AND ERROR — QUESTIONS REVIEWABLE — SPECIAL APPEAR-
ANCE.

Whether quashing of process in previous action by assignee of
plaintiff herein against same defendants upon same asserted
cause of action for same reason as in instance at bar was
*res judicata* is not considered on appeal from order quashing
process on motion of specially appearing defendant where con-
troversy is otherwise disposed of.

Appeal from Wayne; Keidan (Harry B.), J. Sub-
mitted October 11, 1935. (Docket No. 61, Calendar
No. 38,542.) Decided December 10, 1935.

Action by Frederick J. Ward against John F.
Harris and others to recover the sum of money lost
in stock market transactions made by defendants.
Motion to quash service of process granted. Plain-
tiff appeals. Affirmed.

*Robert E. Plunkett,* for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright (John G.
Garlinghouse,* of counsel), for defendants.

WIEST, J. Plaintiff claims that in 1929 the then
Detroit agency of defendants, New York stockbrok-
ers, induced him to deposit $30,000 and securities, to
be forwarded to defendants in New York City, with
which they were to buy and sell stocks on the New
York Stock Exchange in his name, using their own
judgment, without advice or suggestions from him
and upon the promise of large gains. In May, 1930,
defendants sold their Detroit business and the ac-
count of plaintiff disclosed a loss of $187,615.53, in-

stead of a contemplated profit. So he brought this suit in the Wayne circuit against the defendant nonresidents, claiming damages of $250,000. Copy of the declaration, with rule to plead, was served upon the chairman of the Michigan securities commission. Defendants appeared specially and moved to quash the service and the motion was granted, and this is review of that order.

At the time of the service there was on file with the securities commission an appointment of the chairman of that commission, as agent of defendants to accept service of process or pleading within the meaning of Act No. 220, Pub. Acts 1923, as amended by Act No. 136, Pub. Acts 1929 (2 Comp. Laws 1929, § 9787).

Plaintiff claims that a previous appointment was irrevocable and contained no limitation as specified in the later appointment.

It is claimed by defendants that 2 Comp. Laws 1929, § 9787 (Act No. 136, Pub. Acts 1929), which provides for appointment of the chairman of the commission as agent, upon whom process may be served, only applies, by its express terms, to "suits and actions arising out of or founded upon misrepresentation or fraud in connection with the sale of such securities (issuer or applicant for the filing of securities) in this State."

The court held that the appointment did not cover an instance where money was furnished in this State, to be employed in New York State in stock market dealings.

The mentioned appointment statute being a part of the blue sky law, so-called, and covering sales of stock within the State only, does not make the appointee the service agent in matters wholly outside of that law and in a foreign State.

Plaintiff claims that an irrevocable appointment under Act No. 220, Pub. Acts 1923, could not be modified by a new appointment under the amendment of 1929.

The point is of little consequence for the act of 1923, together with the amendment of 1929, has application only to the issuance, sale or disposition of stock, bonds and other securities, sold or offered for sale within the State of Michigan.

It is evident from the declaration that the suit is based upon an alleged guarantee of profit and against loss in connection with the purchase and sale of securities upon the New York stock exchange in New York city.

We pass the question of whether a former action brought in the Wayne circuit court by William H. Sheppard, as assignee of plaintiff, against defendants, upon the same asserted cause of action as here presented, and with process therein served upon the chairman of the Michigan securities commission, and which process was quashed by the court for the same reason as in the instance at bar, was *res judicata,* for we do not care to decide whether plea of *res judicata* can be presented under special appearance and motion to quash.

Plaintiff stated no case authorizing service of process upon the chairman of the Michigan securities commission, and the court properly quashed the service made.

The order appealed from is affirmed, with costs to defendants.

POTTER, C. J., and TOY, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.