## THOMAS O. STREISSGUTH v. CHASE SECURITIES CORPORATION.[1]

July 24, 1936.

No. 30,928.

*Stinchfield, Mackall, Crounse, McNally & Moore, John M. Palmer,* and *Flor & Reim,* for appellant.

*Thomas O. Streissguth* and *S. P. Gislason,* for respondent.

HOLT, JUSTICE.

The appeal is from an order refusing to set aside the service of summons herein. The facts are, in substance, as follows: The service was made upon S. Paul Skahen, commissioner of securities of this state. The action is to recover $1,360 paid for five shares of defendant's stock and for five shares of the stock of Chase National Bank of New York City, the two stocks being inseparable, in one certificate, neither being capable of transfer without the

[1]Reported in 268 N. W. 638.

other. On September 19, 1929, plaintiff was solicited to buy these shares of stock at his home in New Ulm, this state, by an authorized agent of defendant, and then and there plaintiff did buy the same, confirming the transaction by a letter to defendant's branch office in Minneapolis. He sent his check, $1,360, for the price to defendant's office in Chicago, Illinois, from which the stock was sent by mail to plaintiff. At that time defendant held a license from this state as broker in securities, under L. 1925, c. 192, as amended (1 Mason Minn. St. 1927, §§ 3996-1 to 3996-28), and pursuant to § 3996-11 had given its power of attorney to the commissioner of securities to accept service of process. At defendant's request its broker's license was canceled on July 7, 1931. The complaint alleges that the solicitation and sale of defendant's stock was illegal in violation of L. 1925, c. 192, in that the same had not been registered with the securities commission, as required by that act, and that it was not exempted therefrom. Other illegality alleged in connection with the sale need not be noted.

Defendant contends that the sale of this stock was an Illinois transaction, to which our blue sky law cannot apply, and hence service of summons- could not be made upon the commissioner of securities. Plaintiff's claim is that defendant's offer to sell these unregistered shares of stock in this state, which offer plaintiff accepted, was an unlawful act, penalized by the blue sky law, and hence defendant has consented that in any action involving such transaction summons may be served on its appointed attorney, the commissioner of securities. Section 3996-11, as far as here material, reads:

"Every non-resident person shall, before having any securities registered or being licensed as a broker or agent, appoint the chairman of the commission, and his successor in office, his attorney, upon whom process may be served in any action or proceeding against such person or in which such person may be a party, in relation to or involving any transaction covered by this act, which appointment shall be irrevocable."

The word "person" includes corporations. § 3996-1(1). The five shares of defendant's stock here involved were not registered, and § 3996-4 reads:

"No securities shall be sold within the state of Minnesota unless or until such securities have been registered as herein provided."

The complaint alleges that defendant's stock was not registered and was not exempt therefrom. Defendant's affidavits do not dispute the allegations. Section 3996-1(2) reads:

" 'Sale,' 'sell,' or 'sold' shall mean and include any disposition for value, an offer to sell, a solicitation of a subscription or sale, or an attempt to sell in any manner whatsoever, an option of sale, a subscription, a pre-organization subscription or certificate, a reorganization subscription or certificate, an agreement to issue or transfer, an exchange, pledge, hypothecation or any transfer in trust or otherwise by way of mortgage," etc.

And § 3996-22 provides that any person who violates any of the provisions of the act shall be guilty of a gross misdemeanor and subject to a fine of not more than $5,000, or imprisonment for not more than three years, or both.

In view of the fact that defendant was at the time of the transaction with plaintiff doing business as a broker in this state under a license obtained pursuant to the requirements of our blue sky law (L. 1925, c. 192) and had appointed the commissioner of securities its irrevocable attorney to be served with process in any action involving its transaction under this act, it seems to us there can be no doubt that the service of the summons upon the commissioner was as valid and binding upon defendant as due and personal service.

Counsel on both sides have presented exhaustive briefs upon several legal propositions that may arise in the trial of the issues that will undoubtedly be made when the answer is interposed. If it should be found as a fact that the sale was an Illinois transaction, consummated without any violation by defendant or its authorized agents of our blue sky law, of course, plaintiff can have no redress. But whether it was so entirely an Illinois transaction that in its accomplishment defendant did not in this state transgress our blue sky law should not be determined on affidavits. The sale was confessedly initiated by defendant in this state under the license

granted it to sell securities here. Defendant's authorized agent was sent from its branch office in Minneapolis to New Ulm for the purpose of selling this unregistered stock to plaintiff. It was offered for sale to plaintiff, and the offer was accepted by plaintiff and confirmed by letter to defendant's Minneapolis office. Whether such offering of unregistered stock in this state will taint the sale if finally consummated in another state is a legal question to be determined upon a full consideration of all the facts and circumstances brought out in a trial where witnesses may be examined and cross-examined. It is not always that the closing of a transaction in a state without violating its laws removes the taint which was injected when the parties began to negotiate therefor in another state whose laws penalized the offer to make the deal. In Bartlett v. Doherty (D. C.) 10 F. Supp. 465, 469, the court said of the contention that the sale was closed in New York and hence the blue sky law of New Hampshire, where it was solicited by the defendant's agents, did not apply:

"If defendant's statement were true, all the defendant had to do was to establish his office in New York City and flood the country with securities, good or bad, and claim immunity of any breach of law of any state so long as it retained at its home office the right to confirm or reject any sale made by its agents elsewhere. If this is true the blue sky law of New Hampshire and that of most other states may as well be scrapped."

The decision included three cases. In two it was affirmed, but as to Bartlett it was reversed on the ground that he had opened negotiation for the purchase with defendant's agent in Boston, so there was no violation of New Hampshire's law. Doherty v. Bartlett (C. C. A.) 81 F. (2d) 920. That an agreement for a sale of stock prohibited by the blue sky law of the state where made is not immune to attack for such transgression in the courts of the state where the sale was consummated is held in Rhines v. Skinner Packing Co. 108 Neb. 105, 187 N. W. 874.

Defendant makes the point that so to construe our blue sky law as to acquire jurisdiction of defendant in virtue of its appointment

of the commissioner of securities as its attorney upon whom service of summons could be made constitutes an unlawful burden upon interstate commerce in contravention of U. S. Const. art. I, § 8. In answer to that contention it is enough to cite the cases of Hall v. Geiger-Jones Co. 242 U. S. 539, 37 S. Ct. 217, 61 L. ed. 480, L. R. A. 1917F, 514, Ann. Cas. 1917C, 643; Caldwell v. Sioux Falls Stock Yards Co. 242 U. S. 559, 37 S. Ct. 224, 61 L. ed. 493; Merrick v. N. W. Halsey & Co. 242 U. S. 568, 37 S. Ct. 227, 61 L. ed. 498, where the blue sky acts of Ohio, South Dakota, and Michigan were unsuccessfully assailed as imposing an unlawful burden upon interstate commerce. Moreover, whether the sale of the shares of the stock in question came within the category of interstate commerce is in dispute and must be ascertained at the trial. The case of Bauer v. Bond & Goodwin, Inc. 285 Mass. 117, 188 N. E. 708, was decided upon the trial court's findings that defendant through its salesman solicited the sale and received plaintiff's offer to buy corporate stock two days before the provision of the Massachusetts act had been complied with, but acceptance of the offer which completed the sale took place a day after such compliance. Jurisdiction was not involved, nor was it in Gill v. Hornblower, — Mass. —, 200 N. E. 376, where the decision was placed on the ground that the defendant was held to be the plaintiff's agent in the purchase of stock on the New York Stock Exchange. In the case of Guerin Mills, Inc. v. Barrett, 254 N. Y. 380, 384, 173 N. E. 553, 554, cited by defendant, the court assumed "that as to causes of action growing out of business transacted in Rhode Island the statute [like § 3996-11] is to be read as continuing the agency though the business is at an end and the nonresident corporation or association has given notice of revocation and has withdrawn to its home." Brocalsa Chemical Co. v. Langsenkamp (C. C. A.) 32 F. (2d) 725, is so different in the facts as to be of no aid in the instant case. The court there took the position that the transaction in respect to the bonds involved was a pledge and exempted from the operation of the Indiana blue sky law, and also that it was intended as an Ohio deal, the trip to Langsenkamp's home in Indiana was merely to continue negotiations begun in Ohio, and that when the papers were delivered in

Indiana they were incomplete, and it was understood that the transaction could not be closed until someone could be found in Ohio or elsewhere who would accept Langsenkamp's notes and collateral for cash with which to purchase the bonds. Defendant also cites Ward v. Harris, 273 Mich. 576, 263 N. W. 744, where the service of summons upon the securities commission was set aside on motion. The commission had been appointed by defendant under the Michigan blue sky law. The supreme court in affirming said [273 Mich. 578, 579]:

"The mentioned appointment statute being a part of the blue sky law [2 Comp. Laws 1929, § 9769, *et seq.*], so-called, and covering sales of stock within the state only, does not make the appointee the service agent in matters wholly outside of that law and in a foreign state. * * * It is evident from the declaration that the suit is based upon an alleged guaranty of profit and against loss in connection with the purchase and sale of securities upon the New York Stock Exchange in New York city."

Of course, the Michigan blue sky law could have no application to stock transaction in New York.

But the merits of the action are not now for decision. The question is simply: Was the service of the summons upon defendant's appointed attorney effective as if personally served upon it? By complying with § 3996-11 defendant has consented to be so served in any action or proceeding relating to its transactions as a stockbroker in this state, while holding a license as such from this state. It is admitted that when plaintiff acquired these five shares of stock defendant held such license and was doing such business at its branch office in Minneapolis, from whence its authorized agent went to plaintiff, at his home in New Ulm, and solicited the sale. The cause of action set out in the complaint is based on a violation of the blue sky law in making that sale. And although, since then, defendant has had its license revoked, the appointment of the commissioner of securities to receive process still remains in force as to defendant's transactions in this state while conducting its brokerage business under such license.

The failure of the court to make findings of fact is assigned as error. The court is not required to make findings of fact in disposing of a motion based wholly on affidavits. Minneapolis Trust Co. v. Menage, 86 Minn. 1, 90 N. W. 3; Fryberger v. Anderson, 125 Minn. 322, 147 N. W. 107; Caulfield v. C. W. Jewett Co. Inc. 183 Minn. 503, 237 N. W. 190.

Order affirmed.